**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DAVID GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 26-2189-TC-BGS |
| | ) | |
| CRSC RESIDENTIAL, INC AND GOLF PARK 34, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

On October 14, 2026, U.S. Magistrate Judge Brooks G. Severson conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff David Garcia appeared through counsel Richard James of DeVaughn James Injury Lawyers, by videoconference/phone. Defendants CRSC Residential, Inc. and Golf Park 34, LLC appeared through counsel Rebecca E. Bergkamp of Hinkle Law Firm, by videoconference/phone.[1]

Following is a brief summary of the nature of the case:

> This is a personal injury premises action that occurred on or about August 12, 2024. This is a personal injury premises-liability case arising from Plaintiff David Garcia's alleged fall when stairs broke at Golf Park Apartments. Plaintiff asserts federal diversity jurisdiction under 28 U.S.C. § 1332(a), alleging the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff's legal theories are negligence and premises liability: he alleges Defendants CRSC Residential, Inc. and Golf Park 34, LLC knew or should have known the stairway was dangerous, maintained it in a defective condition, failed to repair, restrict access, warn, inspect, or maintain the stairway, and breached statutory and common-law duties under Kansas law, including the Kansas Residential Landlord and Tenant Act. Defendants deny negligence, deny that the statute imposes liability on the facts alleged, and deny most allegations concerning breach, causation, and

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

damages. Their defenses include failure to state a claim, failure to mitigate, comparative fault or fault of others, Plaintiff's alleged failure to use due caution, lack of actual or constructive knowledge of any dangerous condition, open-and-obvious condition, setoff/credits for medical expenses, statutory limitations on damages, and failure to plead facts supporting costs.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **October 23, 2026** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **October 30, 2026** |
| Exchange Rule 26 documents | **October 21, 2026** |
| Plaintiff's settlement proposal | **November 6, 2026** |
| Defendant's settlement counter-proposal | **December 4, 2026** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **December 16, 2026** |
| Comparative fault identification | **November 20, 2026** |
| Motions to amend | **December 20, 2026** |
| Mediation completed | **January 29, 2027** |
| Affirmative experts disclosed | **January 18, 2027** |
| Physical and mental examinations | **February 26, 2027** |
| Rebuttal experts disclosed | **March 18, 2027** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **April 30, 2027** |
| Proposed pretrial order due | **May 28, 2027** |
| Pretrial conference | **June 8, 2027 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **July 2, 2027** |
| Motions challenging admissibility of expert testimony | **July 2, 2027** |

| | |
|---|---|
| Trial — ETT 5 days | **April 4, 2028** |

**1. Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **November 6, 2026**. Defendant must make a good-faith counter-proposal by **December 4, 2026**. By **December 16, 2026**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *KSD_Severson_Chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **January 29, 2027**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2. Discovery.**

**a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **October 21, 2026**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.** All discovery must be commenced or served in time to be completed by **April 30, 202**7.

**c.** By **November 20, 2026**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared and specify the nature of the fault claimed.

**d.** Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: experts intending to support affirmative claims or defenses to be served on or before **January 18, 2027**, and experts intending to rebut to be served on or before **March 18, 2027**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the

disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).]

**e.** The parties disagree whether physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **February 26, 2027**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

**f.** The court considered the following discovery problem(s) raised by one or more of the parties:

> Plaintiff has some concern as to being able to meet and produce sufficient experts by the court's deadline (as prescribed by the normal guidelines), given the need for testimony from multiple persons and potential discovery disputes in conjunction with the upcoming holiday season. Plaintiff is unaware of any direct matter that is ripe for the court's determination now but wanted to proactively bring this to the forefront. After further discussion of the issue with the parties during the Scheduling Conference, no adjustments to the proposed deadlines were made at this time. The Court instructed the parties to file the appropriate motion if the issue arises.

**g.** Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The parties agree to provide what limited non-privileged, reasonably accessible ESI that they have in their possession in a static format,

such as PDF. Documents in native format will be provided upon request unless doing so would create an undue hardship. If an undue hardship is claimed, then the parties will meet and confer to resolve the dispute. Because identifying information may not be placed on ESI as easily as bates stamping paper documents, the parties agree that ESI may be marked with identifying numbers (bates stamped) in one of the following ways, at the option of the producing party: 1) PDF or other static image formats may be electronically bates numbered; 2) native file ESI may be electronically paginated using the native page-numbering process of the application or program, and such alteration will not affect the admissibility of the document; and/or 3) native files may be renamed using a bates numbering system. The parties do not, at this time, anticipate the discovery of metadata, embedded data, deleted data, or fragmented data. In the event that a party later seeks such discovery, the parties will first confer regarding who is to bear the cost of such discovery and production and will contact the court to resolve the issue if they cannot reach agreement.

Searching for ESI:

A party requesting ESI should not only make specific discovery requests that are as narrow as possible in temporal scope, but should also propose a list of keywords to define the scope of the ESI discovery the party seeks. The responding party need not specifically utilize the keywords proposed by the requesting party, but must confer with the responding party's information technology personnel or other persons knowledgeable regarding the nature, storage, and scope of ESI to determine what keywords or other search methodology (such as, e.g., gathering ESI by custodian or by network file path) are appropriate given the information technology environment in which the responding party's ESI is generated and stored.

Cost sharing and cost-shifting:

With respect to ESI that is not reasonably accessible, the parties understand that there will be cost sharing or cost shifting to the requesting party associated with the production of such materials. Neither party to this protocol waives the right to seek a protective order or to object to the production of ESI that is not reasonably accessible, even if the requesting party offers to share in the cost of production.

**h.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> All parties reserve their right to withhold from discovery materials subject to the attorney-client privilege, work product immunity, or other applicable privileges or immunities. Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A) and the case law in this District. Inadvertent production of such materials is not a waiver of any applicable privilege or immunity. If a party determines that it has inadvertently produced privileged or immune material, that party will promptly notify counsel of record for all parties receiving such materials. Upon receiving such notice the party or parties receiving such inadvertently produced materials will promptly return the original to the producing party and certify the destructions of all copies. In the event of a dispute as to whether inadvertently produced material is privileged or immune from discovery, the parties will meet and confer consistent with their obligations under D. Kan. Rule 37.1.

**i.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:

> The parties agree to serve litigation documents electronically, where possible.
>
> The parties agree not to log any privileged communications that occurred after their counsel's respective retention in the case, so long as the privileged communication includes counsel directly involved in the discussion.

**j.** All depositions will be governed by the written guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

**k.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **October 23, 2026**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **October 30, 2026**. The parties are required to contact the Court to set a telephone conference before filing a motion regarding a disputed protective order.

**l.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**m.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions.**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **December 20, 2026**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **July 2, 2027**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website: *https://ksd.uscourts.gov/file/326*.

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **July 2, 2027**.

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion,

material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4. Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **June 8, 2027, at 10:00 a.m.** by telephone (316/402-0044; access code 485 069 538). Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **May 28, 2027**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.** The parties expect the jury trial of this case to take approximately 5 trial days. This case is set for trial beginning on **April 4, 2028**, in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated October 14, 2026, at Wichita, Kansas.

/s/Brooks G. Severson____
Brooks G. Severson
U.S. Magistrate Judge